USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: October 6, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

DAJOHN GAMBLE,

                      Plaintiff,

        -against-

CITY OF NEW YORK ET AL.,

                    Defendants.

------------------------------------------------------------- x

**19-CV-00081(ALC)**

**<u>DISMISSAL ORDER</u>**

**ANDREW L. CARTER, JR., United States District Judge:**

On January 2, 2019, *pro se* plaintiff DaJohn Gamble commenced this action, alleging that Defendants employed excessive force against him. ECF No. 1. At the time of filing the complaint, Plaintiff was detained in a New York City Department of Correction facility. *Id*.

On March 5, 2019, the Honorable Colleen McMahon granted Plaintiff's request to proceed without payment of fees, *in forma pauperis*. ECF No. 5. In that Order, Judge McMahon advised Plaintiff that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." *Id*. at 2.

The Court mailed court documents to Plaintiff at Anna M. Kross Correctional Facility on March 6, 2019 and March 19, 2019, and the mailings were returned as undeliverable. *See* ECF No. 8, March 6, 2019 Minute Entry, April 1, 2019 Minute Entry, April 2, 2019 Minute Entry. Plaintiff was released from the custody of the New York City Department of Correction on or about February 25, 2019. *See* ECF No. 21. To date, Plaintiff has failed to update his address. Further, with the exception of one appearance at a conference on March 11, 2020, Plaintiff has failed to prosecute this matter. *See id*.

On March 11, 2020, the Court stayed this litigation pending the outcome of Plaintiff's criminal prosecution. *See id.* On December 8, 2021, Counsel for Defendants informed the Court that Plaintiff's criminal matter was resolved. *See* ECF No. 53; *see also* ECF No. 50. The Court directed Defendants to obtain Plaintiff's contact information, if possible; Defendants were unable to do so. *See* ECF Nos. 51, 53. Defendants have also requested that the Court dismiss this case for failure to prosecute. *See* ECF Nos. 14, 50.

Accordingly, on January 3, 2022, the Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), ordering a response by February 2, 2022. The Court warned Plaintiff that any failure by Plaintiff to make this showing will result in a dismissal of this case without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff has not responded nor otherwise appeared. Accordingly, this action is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is respectfully directed to terminate this case. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.

**SO ORDERED.**

Dated:   **October 6, 2022**
         **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**